IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ROSCOE LEE GREENSHOWARD | § § § § | |
| *Plaintiff*, | § | |
| vs. | § § | Cause No. 4:17-cv-10 |
| UBAFU TRUCKING, INC., | § § | Jury Trial Demanded |
| and | § § | |
| LEONEL ALVAREZ ESTERO BRAULIO | § § § § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Roscoe Lee Greenhoward, and files this Original Complaint bringing suit against UBAFU Trucking, Inc., and Leonel Alvarez Estero Braulio, Defendants herein, and for his cause of action shows the following:

### I.    PARTIES

1. Plaintiff Roscoe Lee Greenhoward is, and was at all times relevant, an individual and resident of Bristow, Creek County, Oklahoma.

2. Defendant UBAFU Trucking, Inc. (hereinafter "Defendant UBAFU") is, and was at all times relevant, a California corporation with its principal place of business in California. Defendant UBAFU may be served through its registered agent Ronald Villachica at 10754 Burbank Blvd., Los Angeles, California 91601.

1

3. Defendant Leonel Alvarez Estero Braulio (hereinafter "Defendant Braulio") is, and was at all times relevant, an individual residing in California. Defendant Braulio may be served at his residence at 5725 Reseda Blvd. # 28, Tarzanna, California 91356.

4. Based on information and belief, Defendant Braulio was an employee and/or agent of Defendant UBAFU, driving a truck on behalf of and owned by Defendant UBAFU, making Defendant UBAFU vicariously liable for Defendant Braulio's negligent actions.

## II.    JURISDICTION

5. The Court has jurisdiction over this controversy under 28 U.S.C. § 1332, as Plaintiff and Defendants are diverse in citizenship and the amount in controversy is over $75,000.

6. Venue is proper as all or a substantial part of the events, acts, omissions, conduct and/or controversy arose or occurred in Van Horn, Culberson County, Texas.

## III.    FACTS

7. On or about the night of February 21, 2015, Plaintiff legally parked his 2013 Kenworth truck for the night at the East Bound Rest Area, on Interstate 10, in Van Horn, Culberson County, Texas.

8. On that same date and time, Plaintiff was asleep in the sleeper compartment of said truck.

9. On February 22, 2015, around 1:21 a.m., while Plaintiff was still asleep, Defendant Braulio attempted to parallel park his 2010 Freightliner into a spot directly in front of Plaintiff's truck.

10. At that same time, Defendant Braulio collided with the cab of Plaintiff's truck.

11. Said collision caused damage to Plaintiff's truck, requiring it be towed from the scene.

12. Said collision caused Plaintiff to fall from the bed, causing serious injury to Plaintiff's head, neck, back, shoulder, as well as mental injury.

## IV.     COUNT I: NEGLIGENCE

13. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

14. On or about February 22, 2015, Defendant Braulio was an employee and/or agent of Defendant UFABU and was operating his truck in the regular course of business.

15. Plaintiff was injured because of the negligence of Defendants Braulio and UBAFU.

16. On or about February 22, 2015, while operating his vehicle, Defendants Braulio and UBAFU owed Plaintiff a duty to exercise ordinary care and operate Defendants' vehicle reasonably and prudently.

17. Defendants were negligent in operation of the truck, breaching the duty owed, in one or more of the following particulars:

    a. Failing to timely apply the brakes as a person using ordinary care would have done in violation of §545.351 of the TEX. TRANS. CODE;

    b. Failing to maintain a proper lookout;

    c. Failing to maintain proper control of defendant's vehicle;

    d. Failing to turn the vehicle to avoid the collision; and

    e. Driving defendant's vehicle at a rate of speed greater than that at which an ordinarily prudent person would have driven under the same or similar circumstances in violation of §545.351 and 545.401 of the TEX. TRANS. CODE;

18. As a direct and proximate result of Defendants' negligence, carelessness, faults and omissions, Plaintiff Greenhoward sustained serious bodily injury to his head, neck, back, shoulder, as well as mental injury and pain and suffering.

19. As a direct and proximate result of said collision, Plaintiff was not able to return work for several months, resulting in significant lost wages.

20. As a direct and proximate result of Defendants' negligence, Plaintiff Greenhoward incurred, and will likely incur in the future, substantial sums for medical and health care treatment and lost wages.

21. As a direct and proximate result of Defendants' negligence, Plaintiff continues to have physical pain and suffering, mental distress and anxiety, loss of enjoyment of life and quality of life, and inconvenience.

## V.     COUNT II: NEGLIGENT ENTRUSTMENT

22. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

23. Defendant UBAFU is the owner of the vehicle which collided with Plaintiff's vehicle on February 22, 2015.

24. Defendant UBAFU negligently entrusted Defendant Braulio with the possession, use, and operation of its vehicle.

25. Plaintiff was injured because of Defendants UBAFU negligence in its entrustment of a vehicle, under its ownership and control, to its employee Defendant Braulio.

26. As stated above, Defendant Braulio was negligent in his operation of the vehicle owned by Defendant UBAFU and such negligent act and omissions proximately caused the plaintiff's injuries.

## VI.     DAMAGES AND RELIEF

27. As a direct result of the accident and respective acts and omissions complained of herein, Plaintiff has suffered severe, disabling and permanent injuries from which he has not

completely recovered. Your Plaintiff has experienced physical pain and suffering, disfigurement, physical impairment, and associated serious mental distress and anxiety in the past; and in all reasonable probability, will continue to experience the same in the future.

28. As a result of his physical injuries, Plaintiff has incurred medical bills in the past and in all reasonable probability, will incur medical bills in the future.

29. In addition, as a result of his physical and psychological injuries, Plaintiff has not been able to work consistently since the accident and asserts a claim for past lost income and future diminished earnings.

30. Plaintiff's damages exceed the sum of $75,000 exclusive of interest and litigation costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgement against Defendants for all actual damages to which he is entitled under the law; for pre-judgment interest in accordance with the law; for interest on the judgment; cost of suit; and for such other and further relief, general or special, either at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**ATWOOD & MCCALL, PLLC**
4144 N. Central Expressway, Suite 910
Dallas, Texas 75204
972-665-9600 Telephone
214-736-2960 Facsimile
davis@atwoodmccall.com

/s/ David D. Davis_____
DAVID D. DAVIS
State Bar No.00790568

OF COUNSEL,
**ATWOOD & MCCALL, PLLC**

-and-

/s/ Ashley E. Norman
Ashley E Norman
MO Bar 64063/ AR Bar 2010230

Johnson, Vorhees & Martucci
811 N. Dixieland Rd.
Rogers, AR 72714
479-271-8585 (Phone)
479-636-1690 (Fax)
ashley@4stateslaw.com

ATTORNEYS FOR PLAINTIFF